578 A.2d 960

**COMMONWEALTH of Pennsylvania**

v.

**Robert Max JENKINS, Appellant.**

Superior Court of Pennsylvania.

Submitted May 23, 1990.

Filed Aug. 1, 1990.

William J. Patrick, Berwick, for appellant.

George O. Wagner, Dist. Atty., Danville, for Com.

Before OLSZEWSKI, MONTEMURO and FORD ELLIOTT, JJ.

OLSZEWSKI, Judge:

This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Montour County after conviction for three counts each of involuntary deviate sexual intercourse, statutory rape, indecent assault and sexual abuse of children, along with one count each of endangering the welfare of children and incest. On appeal, Jenkins calls upon us to determine: (1) whether the verdicts were against the weight of the evidence; and (2) whether appellant was prejudiced because the Commonwealth's expert witness was not specifically determined to be an expert witness by the trial judge.[1] We affirm.

On January 26, 1988, following a jury trial, appellant was convicted of the above charges.[2] Post-verdict motions were filed and denied. On August 3, 1989, appellant was sentenced to an aggregate term of fifteen-to-thirty years imprisonment. Following denial of his motion to reconsider sentence, appellant filed the instant appeal.

Initially, appellant argues that his conviction was against the weight of the evidence. He contends that the testimony elicited from the prosecution's witnesses was so contradictory, unbelievable and incredible that a new trial is warranted. We disagree.

■ While it has been the practice of this Court to review weight of the evidence claims, several recent cases have questioned our continuing authority to do so. In *Commonwealth v. Wallace*, 522 Pa. 297, 561 A.2d 719 (1989), our Supreme Court stated that "a challenge to the weight of the evidence is not appealable." *Id.*, 522 Pa. at 315, 561 A.2d at 728. Though this statement would seem to preclude this Court from addressing appellant's initial claim, we note that the defendant in *Wallace* never specifically challenged the

1. Curiously, appellant does not raise a sufficiency of the evidence argument. We shall limit our review accordingly.

2. Appellant was also found not guilty of one count of incest.

weight of the evidence. In such a circumstance then, it would appear that the pronouncement of the Court amounts to *obiter dictum* rather binding authority.

Our Supreme Court was not without precedent, however, in finding a weight of the evidence challenge non-appealable. In *Commonwealth v. Nelson,* 514 Pa. 262, 523 A.2d 728 (1987), *cert. denied sub nom. Pennsylvania v. Nelson,* 484 U.S. 928, 108 S.Ct. 293, 98 L.Ed.2d 253 (1987), a capital-murder case upon which the *Wallace* majority relied, the Court, in a footnote, posited:

> Unlike the challenge of legal sufficiency of the evidence, the complaint that the verdict was against the weight of the evidence requires an assessment of the credibility of the testimony offered by the Commonwealth. *Commonwealth v. Brantner,* 486 Pa. 518, 522 n. 2, 406 A.2d 1011, 1013 n. 2 (1979); *Commonwealth v. Farquharson,* 467 Pa. 50, 60, 354 A.2d 545, 550 (1976). It is a rule of this Commonwealth that an appellate tribunal should not entertain a challenge to the weight of the evidence since their examination is confined to the "cold record." *Commonwealth v. Pronkoskie,* 498 Pa. 245, 445 A.2d 1203 (1982); *Commonwealth v. Farquharson, supra; Commonwealth v. Paquette,* 451 Pa. 250, 301 A.2d 837 (1973). *However, where the penalty of death is imposed we will consider such a complaint.*

*Id.,* 514 Pa. at 271 n. 3, 523 A.2d at 733 n. 3 (emphasis added). While the *Nelson* Court expressed its disfavor in addressing claims regarding the weight of the evidence, it did not *preclude* an appellate court from reaching them and, in fact, went so far as to create an exception for those cases where a penalty of death is imposed. Thus, by the Court's own language, it appears that in certain situations a weight of the evidence examination may be appropriate.

One situation has been presented to this Court on numerous occasions involving weight of the evidence claims. When faced with a request for a new trial on the grounds that the verdict is against the weight of the evidence, it has been held that the task of the trial court is to determine

whether "... the verdict was so contrary to the evidence as to shock one's sense of justice and make the award of a new trial imperative." *Commonwealth v. Hunter*, 381 Pa.Super. 606, 617, 554 A.2d 550, 555 (1989). We have reviewed this determination under an abuse of discretion standard. *Id.* (*citing Commonwealth v. Pronkoskie, supra.*). Of course, to be able to apply such a standard, we must necessarily conduct an examination of the "cold record." That we have done so at this level, without comment by our Supreme Court, cannot be doubted.

In *Commonwealth v. Farquharson, supra,* our Supreme Court acknowledged another of these situations. In addressing a weight of the evidence argument the Court, while reiterating the jury's role in resolving matters of credibility, "... recognized that where evidence offered to support a verdict of guilt is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, a jury may not be permitted to return such a finding. *Id.*, 467 Pa. at 59–61, 354 A.2d at 550 (*citing Commonwealth v. Bennett*, 224 Pa.Super. 238, 303 A.2d 220 (1973)). This so-called *"Bennett* principle" was found to apply "only where the party having the burden of proof presents testimony to support that burden which is either so unreliable or contradictory as to make any verdict based thereon obviously the result of conjecture and not reason." *Id.*[3] In assessing the appellant's argument against this principle, and thereby weighing the evidence, the Court in *Farquharson* upheld the trial court's decision denying the grant of a new trial.

From our review then, we conclude that the passing statements of our Supreme Court in *Wallace* and *Nelson* have not resulted in a prohibition of weight of the evidence arguments in our appellate courts. Though the *Wallace* and *Nelson* decisions indicate a decided preference in favor

**3.** It should be noted that the issue in *Bennett* was one of sufficiency, and not the weight, of the evidence. Credibility of a witness's testimony, however, comes into play when discussing both sufficiency and weight claims and our courts have often utilized the fact-finder's role in determining credibility to cover both situations.

of the fact-finder's role as the final authority concerning matters of credibility and weight of the evidence, an examination of these matters by appellate tribunals still exists. Though we recognize that this practice is extremely limited, and properly so, we find that a weight of the evidence issue properly raised before this Court shall not be denied our review. Accordingly, and until directed to the contrary by our Supreme Court, we turn to the merits of appellant's weight of the evidence argument.

■ Appellant was charged with sexual offenses against three children. Appellant is the biological father of the two female children (hereinafter referred to as "X" and "Y"), and the stepfather of the male child (hereinafter referred to as "A"). The trial court did not permit "Y" to testify; she was six years old at the time of the trial.

During their testimony at trial, "A" and "X" spoke of numerous incidents of abuse which correlated to each element of the various crimes for which appellant was convicted. Their testimony, however, was at times contradictory, and both admitted that they do not always tell the truth. "X" admitted that on various occasions she has named others as sexual abusers, and she admitted that if she were mad at someone she would name them as a sexual abuser. "A" admitted that he would sometimes lie to get out of trouble. In addition, several inconsistencies were present regarding the actual dates and times of the alleged abuse, and of the respective participants. Both witnesses testified, however, that these acts had occurred over a long period of time.

Appellant contends that this evidence was so contradictory and unreliable as to warrant a new trial. We disagree. While we are in accord with appellant that there were contradictions and inconsistencies present in the witnesses' testimony, and that both admitted to lying on occasion, our examination of the record does not reveal a situation in which we are obliged to overturn the findings of the jury. This conclusion is not altered by the fact that appellant denies committing the acts charged or that a

physician for the two girls, "X" and "Y", could find no physical evidence of abuse. The jury was free to accept all, some or none of the testimony presented. *Commonwealth v. Nelson, supra; Commonwealth v. Farquharson, supra.* The fact that they chose to believe the victims does not shock this Court's sense of justice. Nor do we find that the verdict was based upon surmise or conjecture. Accordingly, we find no abuse of discretion on the part of the trial court in denying appellant's motion for a new trial.

■ Finally, Jenkins contends that he was prejudiced because the trial court did not specifically state that Kay Stewart was an expert witness.

The trial court judge did not specifically inform the jury that Kay Stewart had been accepted as an expert witness. Following an extensive examination of the witness regarding her background and areas of expertise, however, the court did state:

I think we have gone as far as we need to go here. We have spent a lot of time on this. We will permit her to express her opinion, and certainly the objections taken by Mr. Patrick will be taken into account in passing upon the weight to be given to that testimony.

Notes of testimony at 96. Although it would have been preferable for the trial court to expressly state that Kay Stewart was an expert witness qualified to state an opinion in her given area of expertise, we believe that the court's statement was sufficiently clear so that the jury knew why she was there, what her testimony would concern, and that she was an expert in the field of child sexual abuse. Also, if there was error in not specifically stating that Kay Stewart was an expert witness, it was most certainly harmless error. *Commonwealth v. Taraschi,* 327 Pa.Super. 179, 475 A.2d 744 (1984).

Judgment of sentence affirmed.