581 A.2d 1378

**Michell ORSINI, Appellant,**

**v.**

**STATE FARM INSURANCE CO., Appellee.**

Superior Court of Pennsylvania.

Submitted Sept. 17, 1990.

Filed Oct. 29, 1990.

Thomas J. Barnes, Philadelphia, for appellant.

Mark C. Labrum, Philadelphia, for appellee.

Before CAVANAUGH, WIEAND and HUDOCK, JJ.

CAVANAUGH, Judge:

■ This is an appeal from a judgment entered on a verdict in favor of the appellee-insurance company in a suit against it for alleged failure to pay for reasonable and necessary rehabilitative services under 75 Pa.C.S.A. § 1712, which provides for first party benefits for injury arising out of maintenance and use of motor vehicles. Claim was made for five orthopedic devices for a total cost of $410.20. Appellee paid all but $180.25 of these charges challenging the reasonableness of the submitted bills.[1] After trial before the Honorable Bernard J. Goodheart, a verdict for the appellee was entered. The sole claim on appeal is that the verdict was against the weight of the evidence.[2] We have

1. The case was heard in Common Pleas Court after an appeal from an arbitration award in favor of appellant for the amount of the claim plus an award of $1700.10 for attorney's fees.

2. We are cognizant of the supreme court's ruling in *Commonwealth v. Nelson,* 514 Pa. 262, 523 A.2d 728 (1987) and *Commonwealth v. Wallace,* 522 Pa. 297, 561 A.2d 719 (1989) which indicate that challenges to the weight of the evidence are not appealable. See also,

reviewed the record as well as the briefs of counsel and affirm the judgment of the trial court. In doing so we adopt the opinion of the Honorable Trial Judge in support of the verdict and file it herewith.

Judgment affirmed.

HUDOCK, J., concurs in the result.

IN THE COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY

Civil Trial Division

July Term, 1988

No. 2705

OPINION OF THE COURT

February 21, 1990

GOODHEART, J.

Plaintiff, Michelle Orsini, a secretary at the law firm representing her in this matter, was injured as the result of an automobile accident in 1986. (N.T. pp. 49–50). At the time of the accident, Plaintiff was insured by Defendant, State Farm Insurance Company, pursuant to the requirements of the Pennsylvania Motor Vehicle Financial Responsibility Law. 75 Pa.C.S.A. § 1701 *et seq.*, (N.T. p. 53).

As a result of the injuries sustained in the accident, Plaintiff's doctor prescribed certain orthopedic items, in-

*Commonwealth v. Steele,* 522 Pa. 61, 559 A.2d 904 (1989). However, we do not believe that the court intended, by the passing statements made in these two cases, to abrogate all review for weight of the evidence. Such review has always been available in the trial and appellate courts of this Commonwealth. Until such time as more definite instruction on this issue emanates from our supreme court, we will continue to review verdicts for weight of the evidence where the issue is properly raised. See *Commonwealth v. Eddowes,* 397 Pa.Super. 551, 580 A.2d 769 (1990) (supreme court statement on nonreviewability is dictum and weight of evidence claim is treated on its merits); *Contra Commonwealth v. Fuller,* 396 Pa.Super. 605, 579 A.2d 879 (1990) which held that under *Commonwealth v. Nelson, supra,* and *Commonwealth v. Wallace, supra,* we are precluded from entertaining challenges to the weight of the evidence.

cluding two heating pads, a back brace device, neck brace and pillow. (N.T. p. 50).

The following devices, including prices, were supplied and delivered to the Plaintiff by Statewide Surgical Supply Company:

| | | |
|---|---|---|
| a). | Fitted soft foam contoured cervical collar | $25.20 |
| b). | Soft foam cervical pillow | 25.20 |
| c). | 4″ × 13″ electric moist heat pad | 69.30 |
| d). | Fitted lumbar sacral molded corset | 175.00 |
| e). | 13″ × 27″ electric moist heat pad | 115.50 |
| | | $410.20 |

(N.T. p. 13, Exhibit P–1).

State Farm received an invoice in the amount of $410.20 from Statewide Surgical Supply for the items delivered to the Plaintiff. (N.T. pp. 53–54). State Farm paid a total of $229.95 of the $410.20 invoice to Statewide Surgical Supply, in the following manner:

| | Statewide Surgical Invoice | State Farm Paid |
|---|---|---|
| a). Cervical collar | $25.20 | $9.95 |
| b). Cervical pillow | 25.20 | 13.75 |
| c). 4″ × 13″ heat pad | 69.30 | 41.95 |
| d). Lumbar sacral corset | 175.00 | 95.00 |
| e). 13″ × 27″ heat pad | 115.50 | 69.30 |
| | $410.20 | $229.95 |

(N.T. p. 54, p. 67).

Plaintiff sued for recovery of $180.25 (the difference between Statewide Surgical's invoice of $410.20 and the amount State Farm paid, $229.95), because of State Farm's non-payment of medical supplies delivered to the Plaintiff by Statewide Surgical Supply Company. Plaintiff also seeks recovery of attorney's fees in the amount of $5,811.75, for time expended on this case. (Exhibit P–3).

Under the Pennsylvania Motor Vehicle Financial Responsibility Law, a motor vehicle insurer shall include coverage providing for a medical benefit of $10,000.00. 75 Pa.C.S.A. § 1711. The medical coverage must provide for the "reasonable and necessary medical treatment and rehabilitive services, including but not limited to ... medical supplies and prosthetic devices...." 75 Pa.C.S.A. § 1712(1). "In the event an insurer is found to have acted with no reasonable foundation in refusing to pay the first party benefits ... the insurer shall pay, in addition to the benefits owed and the interest thereon, a reasonable attorney fee based upon actual time expended." 75 Pa.C.S.A. § 1798(b),

██ As the finder of fact, this Court finds that State Farm acted in a reasonable manner and with a reasonable foundation in fulfilling its obligation under the Pennsylvania motor vehicle insurance laws.

In determining amounts to pay for medical supplies in the Philadelphia region, State Farm utilizes a standard price list developed by Omni–Med Consultants Incorporated, an independent medical investigation company based in Horsham, Pennsylvania. (N.T., p. 61). Omni–Med developed the list based on information from medical supply distributors and hospitals in the Philadelphia area, as well as direct prices from the manufacturers of such items. (N.T. p. 73). This price list developed by Omni–Med Consultants was utilized by State Farm in determining the amount to pay Statewide Surgical Supply in this matter. (N.T. p. 60).

Additionally, the Court notes that during 1986 and 1987, Statewide Surgical Supply paid the manufacturers of orthopedic devices, the following prices for the specific items in controversy:

| | | |
|---|---|---|
| a). | Cervical collar | $2.75 |
| b). | Cervical pillow | 3.95 |
| c). | 4″ × 13″ heat pad | 30.00 |
| d). | Lumbar sacral corset | 19.00 |
| e). | 13″ × 27″ heat pad | 45.00 |

(N.T. p. 15).

The amounts State Farm paid to Statewide Surgical were both reasonable and necessary.

By determining that State Farm's payment and action were reasonable, the attorney fees provisions of the Motor Vehicle Financial Responsibility Law do not apply and Plaintiff is therefore not entitled to an award of attorney's fees.