OPINION PER CURIAM:
The issue in this case is whether we may review the decision of a trial court which has denied a motion for a new trial in a criminal case based on a challenge to the weight of the evidence.[1]
We have traditionally reviewed the exercise of discretion by a trial court in matters involving challenges to the weight of the evidence. We stated in Commonwealth v. Taylor, 324 Pa.Super. 420, 425, 471 A.2d 1228, 1230 (1984):
Whether a new trial should be granted on grounds that the verdict is against the weight of the evidence is ad *437 dressed to the sound discretion of the trial judge, and his decision will not be reversed on appeal unless there has been an abuse of discretion____ The test is not whether the court would have decided the case in the same way but whether the verdict is so contrary to the evidence as to make the award of a new trial imperative so that right may be given another opportunity to prevail.
See also, Commonwealth v. Whiteman, 336 Pa.Super. 120, 485 A.2d 459 (1984).[2]
As recently as Commonwealth v. Purcell, 403 Pa.Super. 342, 589 A.2d 217 (1991) we held that our role in reviewing the weight of the evidence is limited and the determination whether to grant a new trial on the grounds that the verdict is against the weight of the evidence rests within the discretion of the trial court whose decision will not be disturbed in the absence of an abuse of discretion. We are cognizant that in many instances challenges to the weight of the evidence are in reality, attacks on the sufficiency of the evidence.[3] Nevertheless, there is a clear distinction between the two.
Until recent years there appeared to have been no question as to our authority to review determinations by the trial court concerning weight of the evidence. However, in Commonwealth v. Nelson, 514 Pa. 262, 271, n. 3, 523 A.2d 728, 733, n. 3 (1987) the Supreme Court stated in a footnote:
It is a rule of this Commonwealth that an appellate tribunal should not entertain a challenge to the weight of the evidence since their examination is confined to the “cold record.”
*438 This statement was reinforced by the Supreme Court in Commonwealth v. Wallace, 522 Pa. 297, 315, 561 A.2d 719, 728 (1989) wherein the court stated: “A challenge to the weight of the evidence is not appealable,” citing Commonwealth v. Nelson, supra. Q
In Commonwealth v. Eddowes, 397 Pa.Super. 551, 580 A.2d 769 (1990), opinion by Olszewski, J., we held that a ruling on a challenge to the weight of the evidence is subject to appellate review, notwithstanding the Supreme Court’s statements in Commonwealth v. Nelson, supra, and Commonwealth v. Wallace, supra.[4]
In this case, the appellant, Shawn C. Murray, was found guilty of homicide by motor vehicle while under the influence of alcohol. On March 11, 1988 appellant and three companions embarked on an evening of “bar hopping.” One member of the group purchased a prescription drug known as Zanax and a case of beer. The group visited several bars and at each, the appellant was not served, as he was under age. Nevertheless, he consumed at least three sixteen-ounce cans of beer and several Zanax pills.
The appellant was the driver of the vehicle in which the group travelled during the evening. Near the intersection of Route 75 and Fannettsburg Road, the vehicle left the roadway which was paved and 19V2 feet wide, crossed a 2 *439 foot wide berm and went into a ditch, ultimately coming to rest against a concrete abutment.
One of the passengers, Timothy Smith, was wedged in the front of the vehicle and died as a result of “blunt trauma” to his skull. The appellant’s blood alcohol content as revealed by tests taken at Hershey Medical Center some three hours after the accident, was found to be .14 per cent.
Notwithstanding the dicta of the Supreme Court in Commonwealth v. Nelson, supra, and Commonwealth v. Wallace, supra, we conclude that we may review the trial court’s exercise of its discretion in denying a motion for a new trial based on a challenge to the weight of the evidence. The law in this Commonwealth has long been that a new trial may be ordered “on the ground that the verdict is against the weight of the evidence, when the jury’s verdict is so contrary to the evidence as to shock one’s sense of justice, and the award of a new trial is imperative so that right may be given another opportunity to prevail.” 10 Standard Pennsylvania Practice, New Trial, § 62:59. See also, Commonwealth v. Whitney, 511 Pa. 232, 512 A.2d 1152 (1986); and Commonwealth v. Datesman, 343 Pa.Super. 176, 494 A.2d 413 (1985). As Justice McDermott stated in Thompson v. City of Philadelphia, 507 Pa. 592, 598, 493 A.2d 669, 672 (1985), the Supreme Court “has repeatedly emphasized that it is not only a trial court’s inherent fundamental and salutary power, but its duty to grant a new trial when it believes the verdict was against the weight of the evidence and resulted in a miscarriage of justice.”
We stated in Commonwealth v. Taylor, 324 Pa.Super. 420, 425, 471 A.2d 1228, 1230 (1984): “a motion for new trial on grounds that the verdict [was] contrary to the weight of the evidence concedes that there [was] sufficient evidence to sustain the verdict but contends, nevertheless, that the verdict [was] against the weight of the evidence.” Whether a new trial should be granted on such grounds is addressed to the sound discretion of the trial court. *440 Thompson v. City of Philadelphia, supra; Commonwealth v. Zapata, 447 Pa. 322, 290 A.2d 114 (1972); Commonwealth v. Ruffin, 317 Pa.Super. 126, 463 A.2d 1117 (1983).
The exercise of discretion by the trial judge in denying a motion for a new trial based on a challenge to the weight of the evidence is not unfettered. The need for appellate review was acknowledged by the Supreme Court in Commonwealth v. Powell, 527 Pa. 288, 590 A.2d 1240 (1991). In holding that a trial court could grant a new trial “in the interest of justice,” the. Court, per Nix, C.J., observed:
[wjhile the scope of a trial court’s discretionary powers to deal with the factual circumstances it confronts is broad, it is not unlimited. It necessarily follows that the requirement that appellate courts defer to that exercise of discretion is not without limitation either. The propriety of such an exercise of discretion may be assessed by the appellate process when it is apparent there was an abuse of that discretion.
527 Pa. at-, 590 A.2d at 1244.
The decisions in Commonwealth v. Wallace, supra, and Commonwealth v. Nelson, supra, did not refer to nor purport to overrule the line of cases in Pennsylvania in which appellate courts have reviewed the exercise of the lower court’s discretion in weighing the evidence. An appellate court has the duty to review the trial court’s denial of a defendant’s motion for a new trial on the grounds that the verdict was against the weight of the evidence. The purpose of that review is to determine whether the trial court abused its discretion and not to substitute this Court’s judgment for that of the trial court. Thompson v. City of Philadelphia, supra; Austin v. Ridge, 435 Pa. 1, 255 A.2d 123 (1969); and Commonwealth v. Taylor, supra.
In reviewing the trial court’s decision concerning the weight of the evidence, an appellate court is not passing on the credibility of witnesses. This is a function that is solely within the province of the finder of fact which is free to believe all, part of none of the evidence. Commonwealth v. *441 Mayfield, 401 Pa.Super. 560, 585 A.2d 1069 (1991). In Commonwealth v. Coyle, 190 Pa.Super. 509, 154 A.2d 412 (1959), we found that the trial court abused its discretion in not finding that the verdict was against the weight of the evidence. In reaching this conclusion we did not reevaluate the credibility of witnesses. However, in examining the record we concluded that the jury wrongly ignored evidence of a blood grouping test which showed that the appellant could not have been the father of the prosecutrix’ child. This testimony was apparently disregarded by the jury even though the pathologist who offered it did not have his integrity or professional qualifications questioned and there was nothing in the evidence to indicate any error in the laboratory testing. If we had not reviewed the exercise of the trial court’s discretion, the appellant would have remained wrongly convicted. The Supreme Court pointed out in Commonwealth v. Powell, supra, 527 Pa. at-, 590 A.2d at 1244: “[W]hile the scope of a trial court’s discretionary powers to deal with the factual circumstances it confronts is broad,it is not unlimited.”
We conclude that we have the right and duty to review the trial court’s exercise of its discretion in refusing to grant a new trial on the basis that the verdict was against the weight of the evidence. Nevertheless, we find that appellant’s contention is without merit. The appellant had been drinking and using drugs shortly before the accident which resulted in the death of Timothy Smith. The appellant’s blood alcohol level was higher than the statutory requirements to establish legal intoxication. He was the operator of the vehicle in question, and a passenger testified that shortly before the vehicle went off the road and into the ditch before hitting a concrete abutment, “he was driving back and forth over the yellow line [and] if there would have been a car coming [in the opposite direction] we would have hit him right then.”
The trial court did not act capriciously in determining that the verdict was not against the weight of the evidence and the judgment of sentence must be affirmed.
Judgment of sentence affirmed.
*442 OLSZEWSKI, J., files concurring and dissenting opinion.
POPOVICH, J., files a concurring and dissenting opinion in which CIRILLO and HUDOCK, JJ. join.

. The appellant has raised four other issues on appeal which have been properly adjudicated by the court below in its opinion and supplemental opinion by Keller, PJ. We adopt those opinions in disposing of appellant’s issues one through four.

. The Pennsylvania Supreme Court has long held that a new trial may be granted on the grounds that the verdict is against the weight of the evidence. Commonwealth v. Meadows, 471 Pa. 201, 369 A.2d 1266 (1977). See also, Commonwealth v. Zapata, 447 Pa. 322, 290 A.2d 114 (1972); Commonwealth v. Cheatham, 429 Pa. 198, 239 A.2d 293 (1968); Commonwealth v. Vogel, 501 Pa. 314, 461 A.2d 604 (1983); Commonwealth v. McFadden, 402 Pa.Super. 517, n. 2, 587 A.2d 740, n. 2 (1991).

. In the case sub judice, the court below found that the challenges to the weight of the evidence were in effect challenges to the sufficiency of the evidence.

. In referring to Nelson and Wallace, supra, we stated in Commonwealth v. Eddowes, 397 Pa.Super. at 560-561, 580 A.2d at 774:
Nevertheless, these cases do not expressly preclude us from addressing a weight of the evidence claim. Furthermore, neither of these cases involved a direct challenge to the weight of the evidence; therefore, this pronouncement is dictum rather than binding authority. This Court has traditionally reviewed weight of the evidence claims; accordingly, we will continue to address the merits of such claims until directed to the contrary by our Supreme Court. Commonwealth v. Jenkins, 396 Pa.Super. 395, 578 A.2d 960 (1990)
also concluded that Nelson and Wallace do not prohibit us from considering weight of the evidence arguments. See also, Orsini v. State Farm Insurance Co., 399 Pa.Super. 144 n. 2, 581 A.2d 1378 n. 2 (1990), wherein we stated: "However, we do not believe that the court intended, by the passing statements made in these two cases [Nelson and Wallace], to abrogate all review for weight of the evidence.”