J-S65029-16
J-S65030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF A.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: G.B., NATURAL MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 567 WDA 2016 |

Appeal from the Order Entered April 12, 2016
In the Court of Common Pleas of Bedford County
Civil Division at No(s):  No. DP-13 for the year 2016

| | | |
|---|---|---|
| IN THE INTEREST OF B.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: G.B., NATURAL MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 570 WDA 2016 |

Appeal from the Order Entered April 12, 2016
In the Court of Common Pleas of Bedford County
Civil Division at No(s):  DP-12 for the year 2016

| | | |
|---|---|---|
| IN THE INTEREST OF E.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: G.B., NATURAL MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 571 WDA 2016 |

Appeal from the Order Entered April 12, 2016
In the Court of Common Pleas of Bedford County
Civil Division at No(s):  DP-11 for the year 2016

J-S65029-16
J-S65030-16

| | | |
|---|---|---|
| IN THE INTEREST OF A.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: G.B., NATURAL MOTHER | : | |
| | : | |
| | : | No. 572 WDA 2016 |

Appeal from the Order Entered April 12, 2016
In the Court of Common Pleas of Bedford County
Civil Division at No(s): DP-7 for the year 2016

| | | |
|---|---|---|
| IN THE INTEREST OF A.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: R.B., NATURAL FATHER | : | |
| | : | |
| | : | No. 634 WDA 2016 |

Appeal from the Entered April 12, 2016
In the Court of Common Pleas of Bedford County
Civil Division at No(s): DP-13 for the year 2016

| | | |
|---|---|---|
| IN THE INTEREST OF: B.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: R.B., NATURAL FATHER | : | |
| | : | |
| | : | No. 635 WDA 2016 |

Appeal from the Order Entered April 12, 2016
In the Court of Common Pleas of Bedford County
Civil Division at No(s): DP-12 for the year 2016

J-S65029-16
J-S65030-16

| | | |
|---|---|---|
| IN THE INTEREST OF: E.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: R.B., NATURAL FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 636 WDA 2016 |

Appeal from the Order Entered April 12, 2016
In the Court of Common Pleas of Bedford County
Civil Division at No(s):  DP-11 for the year 2016

| | | |
|---|---|---|
| IN THE INTEREST OF A.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: R.B., NATURAL FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 637 WDA 2016 |

Appeal from the Order Entered April 12, 2016
In the Court of Common Pleas of Bedford County
Civil Division at No(s):  No. DP-7 for the year 2016


BEFORE:  LAZARUS, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 7, 2016**

_____

* Retired Senior Judge assigned to the Superior Court.

- 3 -

G.B. ("Mother") and her husband, R.B., ("Father") (collectively "the Parents") appeal from multiple orders entered on April 12, 2016. We affirm.[1]

The trial court made the following factual findings. When A.B. ("Child 1") (born June 2002) was approximately eight years old, Father,[2] touched her vagina when she got in bed with him during the middle of the night. Approximately three months later, Child 1 informed Mother of Father's sexual abuse. Mother took no action to protect Child 1 and permitted Father to be alone with Child 1. Three years later, Father once again touched Child 1's vagina and this time also molested her breasts.

The procedural history of this case is as follows. On February 11, 2016, Bedford County Children and Youth Services ("CYS") filed a petition for emergency protective custody of Child 1. That same day, the trial court granted the petition, removed Child 1 from the Parents' home, and placed her in the legal custody of CYS, and the physical custody of kinship caregivers.

---

[1] This Court *sua sponte* consolidated Mother's four appeals, consolidated Father's four appeals, and ordered the cases be listed consecutively. We dispose of both Mother and Father's appeals in this single memorandum decision.

[2] Father is Child 1's stepfather.

Also on February 11, 2016, CYS filed a petition for emergency protective custody with regard to A.B. (born April 2011), B.B. (born April 2009), and E.B. (born January 2007) (collectively "the Siblings" and together with Child 1, "the Children"). That same day, the trial court granted the petition, removed the Siblings from the Parents' home, and placed the Siblings in the legal custody of CYS, and the physical custody of their Paternal Grandparents. On February 12, 2016, the trial court held a shelter care hearing and concluded that the Children's return to the Parents' home was not in their best interest.

On February 16, 2016, CYS filed petitions for dependency with regard to the Children. On February 23, 2016, a hearing was held on the petitions. When Child 1 began testifying about the first incident of sexual abuse, Father interrupted the hearing. Because of Father's conduct, the trial court adjourned the hearing until April 5, 2016.

At the April 5, 2016 hearing, Child 1 testified as to the sexual abuse she suffered. At the conclusion of the hearing, the trial court found Child 1 credible and determined that Father sexually abused Child 1 and Mother abused Child 1 by neglecting to act when Child 1 notified her of the abuse. On April 12, 2016, the trial court entered orders that: (1) found child abuse as to Child 1; (2) found Child 1 dependent pursuant to the Juvenile Act, 42 Pa.C.S.A. § 6302(1); (3) removed Child 1 from the Parents' residence; (4) found that CYS made reasonable efforts to prevent removal of Child 1 from

the Parents' home; (5) directed that Child 1 have supervised contact with her biological father, T.R., and no contact with the Parents; (6) found child abuse as to the Siblings; (7) found the Siblings dependent pursuant to section 6302(1); (8) removed the Siblings from the Parents' home; (9) found that CYS made reasonable efforts to prevent removal of the Siblings from the Parents' home; and (10) directed that the Siblings have supervised visitation with the Parents. These timely appeals followed.[3]

Mother presents one issue for our review:

Did the trial court commit an abuse of discretion in determining that the [Children] were dependent under the Juvenile Act; and, that the [C]hildren's welfare dictated that they could not be returned home to [Mother]?

Mother's Brief at 7.

Father also presents one issue for our review:

Whether the trial court erred in finding that there was clear and convincing evidence that the [Children] were dependent pursuant to [section] 6302?

Father's Brief at 7.

The Parents challenge the sufficiency of the evidence for the trial court's dependency determinations. Our "standard of review in dependency

_____

[3] The Parents filed concise statements of errors complained of on appeal ("concise statements") contemporaneously with their notices of appeal. **See** Pa.R.A.P. 1925(a)(2)(ii) and (b). The trial court entered an order adopting its rationale given on the record at the April 5, 2016 hearing. Both issues raised by the Parents were included in their respective concise statements.

cases requires [us] to accept findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require [us] to accept the [trial] court's inferences or conclusions of law. We review for abuse of discretion[.]" *In re L.Z.*, 111 A.3d 1164, 1174 (Pa. 2015) (internal quotation marks and citation omitted).

> Section 6302 of the Juvenile Act defines a "dependent child" as
>
> [a] child who[ ] is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his [or her] physical, mental, or emotional health, or morals. A determination that there is a lack of proper parental care or control may be based upon evidence of conduct by the parent, guardian or other custodian that places the health, safety or welfare of the child at risk[.]

42 Pa.C.S.A. § 6302(1). "The question of whether a child is lacking proper parental care or control so as to be a dependent child encompasses two discrete questions: whether the child presently is without proper parental care and control, and if so, whether such care and control are immediately available." *In re G.T.*, 845 A.2d 870, 872 (Pa. Super. 2004) (internal quotations and citations omitted). "[T]he burden of proof in a dependency proceeding is on the petitioner to demonstrate by clear and convincing evidence that a child meets that statutory definition of dependency." *In re M.T.*, 101 A.3d 1163, 1173 (Pa. Super. 2014) (*en banc*) (internal quotation marks and citation omitted). "If the court finds that the child is dependent, then the court may make an appropriate disposition of the child to protect

- 7 -

the child's physical, mental and moral welfare[.]" ***In re D.A.***, 801 A.2d 614, 617 (Pa. Super. 2002) (*en banc*).

Section 6303 defines child abuse as follows:

The term "child abuse" shall mean intentionally, knowingly or recklessly doing any of the following:

\* \* \*

(3) Causing or substantially contributing to serious mental injury to a child through any act or failure to act or series of such acts or failures to act.

(4) Causing sexual abuse or exploitation of a child through any act or failure to act.

23 Pa.C.S.A. § 6303(b.1). Moreover, sexual abuse is defined as, *inter alia*, "actual or simulated sexual activity or nudity for the purpose of sexual stimulation or gratification of any individual." 23 Pa.C.S.A. § 6303(a)(iii).

Furthermore,

Evidence that a child has suffered child abuse of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the welfare of the child shall be *prima facie* evidence of child abuse by the parent or other person responsible for the welfare of the child.

23 Pa.C.S.A. § 6381(d).

The Parents argue that there was insufficient evidence to support a finding that Father sexually abused Child 1. They argue that Child 1's testimony was not credible. They cite the lack of specificity in Child 1's testimony, the lack of change in Child 1's behavior, Father's denial,

contradictions in Child 1's testimony, and Mother's prior testimony against sexual predators. Furthermore, they contend that there was no evidence of child abuse relating to the Siblings.

Most of the Parents' arguments have previously been rejected by our Supreme Court or this Court. As our Supreme Court has explained:

> [S]exually abused children may sometimes omit the horrid details of the incident for the same reasons that they do not always promptly report the abuse; fear, embarrassment[,] and coercion by the abusing adult. Additionally, it is often clear that children do not always comprehend what has occurred and the need for complete description of the events. Children often omit details in describing many events, and it is no wonder that they often do not fully describe the details of an especially upsetting event.

*Commonwealth v. Dunkle*, 602 A.2d 830, 837–838 (Pa. 1992); *see Commonwealth v. Murray*, 597 A.2d 111, 119 (Pa. Super. 1991) (*en banc*), *appeal denied*, 605 A.2d 333 (Pa. 1992) ("any contradictions [in the witness' testimony] went to the weight to be assigned the evidence").

The lack of specificity by Child 1 and the delay in reporting the abuse may have been caused by factors recognized by our Supreme Court. Child 1 testified that she did not report the second round of abuse to Mother because she was certain that Mother would not act because of Mother's "love" for Father. *See* N.T., 4/5/16, at 40. Furthermore, Father's actions at the February 23, 2016 hearing served as evidence of "coercion by the abusing adult." *Dunkle*, 602 A.2d at 837. Any contradictions in Child 1's testimony were minor, *i.e.*, exactly where on or in her vagina Father

touched. Moreover, these contradictions were not so critical as to render the trial court's finding mere conjecture or speculation.

Properly viewed, all of the Parents' arguments are attacks upon Child 1's credibility. Credibility determinations, however, are left to the sound discretion of the trial court. **See Commonwealth v. Graham**, 109 A.3d 733, 736 (Pa. Super. 2015), *appeal denied*, 126 A.3d 1282 (Pa. 2015) (citation omitted) ("Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court."). It is undisputed that Child 1 testified that Father sexually abused her and that, three months later, she told Mother. **See** N.T., 2/23/16, at 11; N.T. 4/5/16, at 23 and 33. Accordingly, we conclude that the trial court did not abuse its discretion in finding that Father sexually abused Child 1 and that Mother failed to protect Child 1 after being informed of the abuse.

With regard to the Siblings, the Parents argue that there is no evidence that the Siblings were sexually abused by Father. This Court has held, however, that a finding of sexual abuse as to one child is, in certain circumstances, sufficient to support an adjudication of dependency as to the siblings of that child. **See In the Interest of S.B.**, 833 A.2d 1116 (Pa. Super. 2003), *appeal denied*, 856 A.2d 835 (Pa. 2004). As this Court stated:

> [T]he Juvenile Act is now significantly more sensitive to the fact that siblings of sexually abused children may be without proper parental care or control, subsistence, [and] education as required by law, or other care or control necessary for his [or her] physical, mental or emotional health, or morals. This may be so for several reasons. It may be that a family member who perpetrates sexual abuse on one child is likely to abuse another child, either sexually or otherwise. It may also be the case that when a parent allows sexual abuse of one child to go unchallenged, siblings in that family are so emotionally vulnerable that they may be considered lacking in proper care and control. . . . In other words, the focus is not on whether the other siblings are actually at risk of sexual abuse themselves. Rather, the key question is whether the siblings fit the broader definition of lacking proper parental care or control, subsistence, [and] education as required by law, or other care or control necessary for his [or her] physical, mental or emotional health, or morals. In our view, it is within the trial court's discretion to determine that siblings of sexually abused children fit that definition, even if there is no evidence that the siblings themselves will be sexually abused.

*In re M.W.*, 842 A.2d 425, 429 (Pa. Super. 2004) (internal quotation marks and citation omitted).

In this case, the trial court determined that the Siblings lacked the proper parental care as required by law. During her testimony, Child 1 essentially testified that Mother and Father's "love" for each other was more important than the physical health and safety of the Children. Furthermore, the emotional toll on Child 1's younger siblings, knowing that Father sexually abused their older sister, and that Mother took no action to prevent continuation of the abuse, was sufficient for the trial court to find the Siblings dependent based upon Father's sexual abuse of Child 1 and Mother's failure to report that abuse and prevent future abuse from occurring.

- 11 -

Moreover, standing alone, Father's courtroom outburst at the testimony of Child 1 offered substantial ground on which the trial court could conclude that the Siblings lacked proper parental care and control because of the hostile relationship between Father and Child 1, and, by extension, the Siblings. Mother's failure to leave Father permitted this hostile relationship to continue. As such, we ascertain no abuse of discretion by the trial court in adjudicating the Children dependent. Accordingly, we affirm the orders adjudicating the Children dependent as to both Mother and Father.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2016