J-A15001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCIA L. PERRY | : | |
| | : | |
| Appellant | : | No. 1441 MDA 2017 |

Appeal from the Judgment of Sentence May 16, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005498-2016

BEFORE: PANELLA, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.           **FILED AUGUST 08, 2018**

Marcia L. Perry appeals from the judgment of sentence imposed following her conviction of Driving under influence of alcohol, General impairment.[1] We affirm.

On August 25, 2016, an Officer of the Lower Swatara Township Police Department was conducting routine checks of vehicle license plate numbers. An initial check on Perry's vehicle came up as suspended due to insurance

---

[1] Driving under the influence of alcohol, general impairment, is defined in 75 Pa.C.S.A. §3802(a)(1) as: "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle."

cancellation.[2] Perry was pulled over for a further check on her insurance, however, the Officer noticed that she operated her car in a reckless manner and cut off another car. As the Officer approached the vehicle he detected the odor of an alcoholic beverage, and upon further contact with Perry, he noticed that she had bloodshot and glassy eyes.

Although Perry initially refused a field sobriety test, she later agreed. The tests did not go well for Perry, who later complained that her high heels interfered with her ability to engage in the field sobriety tests. At trial, the court found credible the Officer's testimony that she had earlier stated she could walk fine in the shoes, and refused the opportunity to remove them prior to taking the tests. After she was arrested, Perry refused a blood test.

Following a bench trial held on March 30, 2017, Perry was convicted of DUI, General Impairment. On May 16, 2017, the trial court ordered Perry to pay a $300 fine and the costs of prosecution, serve local probation for six months, perform fifty hours of community service, and to follow-up on the recommendations of a CRN evaluation.[3]

---

[2] It was later determined that Perry's vehicle was properly insured.

[3] "A CRN evaluation is [a] uniform prescreening evaluation procedure for all [driving under the influence ("DUI") offenders to aid and support clinical treatment recommendations offered to the judiciary, prior to sentencing. 67 Pa.Code § 94.2 (emphasis added); *see* 75 Pa.C.S.A. § 3816 (emphasis added) (CRN evaluations are used to assist the court in determining what sentencing, probation[,] or conditions of Accelerated Rehabilitative Disposition would benefit the person or the public.)." ***Commonwealth v.***

Perry filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Errors Complained of on Appeal. The trial court addressed these issues in a memorandum opinion filed on October 19, 2017.

On appeal, Perry raises the following questions for our review:

1. Whether there was insufficient evidence for the conviction of DUI: General Impairment, when there was no evidence that Perry was substantially impaired due to alcohol?

2. Whether the judge's finding of guilt for DUI: General Impairment is against the weight of the evidence when Perry's witnesses testified that she did not appear impaired and other typical indicia of intoxication were discredited?

Brief for Appellant at 4.

There are well-established distinctions between a claim challenging the sufficiency of the evidence and one which challenges the weight of the evidence.

> The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, ***Tibbs v. Florida***, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); ***Commonwealth v. Vogel***, 501 Pa. 314, 461 A.2d 604 (1983), whereas a claim challenging the weight of the evidence if granted would permit a second trial. ***Id***.

---

***Parsons***, 166 A.3d 1242, 1244 n.1 (Pa. Super. 2017) (internal quotation marks and emphasis omitted).

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). A claim challenging the sufficiency of the evidence is a question of law, and we must review whether each material element of the crime charged was proved beyond a reasonable doubt. *See Commonwealth v. Karkaria*, 625 A.2d 1167, 1170 (Pa. 1993). A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, which may be pursued in the alternative, concedes that there is sufficient evidence to sustain the verdict. *Commonwealth v. Whiteman*, 485 A.2d 459, 462 (Pa. Super. 1984).

In her first claim, Perry contends that the evidence was insufficient to sustain her conviction. Perry argues that the evidence did not prove that alcohol had **substantially impaired** her faculties required to safely operate the vehicle. In a perceptive statement, Perry argues that this is "a drunk driving case with no evidence of drunk driving." *Id.* at 16. Perry also asserts that the field sobriety tests were unfairly conducted because she was wearing "five-inch heels."

In reviewing the sufficiency of the evidence, we must determine whether the evidence presented at trial, combined with all reasonable inferences therefrom, is sufficient to conclude that the Commonwealth established each element of the offense beyond a reasonable doubt. *Commonwealth v. Lyons*, 79 A.3d 1053, 1062 (Pa. 2013). We evaluate the record in the light most favorable to the Commonwealth as

verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *See Commonwealth v. Duncan*, 932 A.2d 226, 231 (Pa. Super. 2007). However, the Commonwealth need not establish guilt to a mathematical certainty. *See id.* In addition, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. *See id.* Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented. *See Commonwealth v. Hartle*, 894 A.2d 800, 804 (Pa. Super. 2006).

To support a conviction under Section 3802(a)(1), which is a "time of the driving" offense, the prosecution must prove "the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." *Commonwealth v. Teems*, 74 A.3d 142, 145 (Pa. Super. 2013) (quoting *Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009)).

The type, quantum and quality of evidence that may satisfy this burden include but are not limited to:

> [T]he offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and ether physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary and the two hour time limit for measuring blood alcohol level does not apply. . . The weight to be assigned these various types of evidence presents a question

- 5 -

for the fact-finder, who may rely on his or her experience, common sense, and/or expert testimony. Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol-not on a particular blood alcohol level.

**Teems**, 74 A.3d at 145 (quoting **Segida**, 985 A.2d at 879).

The trial court aptly addressed each of Perry's contentions. In its memorandum opinion, the trial court referred to the testimony of the arresting officer, much of which was corroborated by a Sergeant of the same police department. The trial court found the evidence of the Appellant's unsafe driving, the odor of an alcohol beverage, bloodshot eyes, admission by the Appellant that she had had at least two alcoholic drinks before driving, and her failure to pass the field sobriety tests, as sufficient to support the conviction.

Perry's second issue contends that her conviction should be vacated because the trial court failed to properly weigh the evidence presented by Appellant and to consider the evidence presented on Appellant's behalf by her two other witnesses. An appellate court's purpose in evaluating a challenge to the weight of the evidence is to "determine whether the trial court abused its discretion and not to substitute its own judgment for that of the trial court." **Commonwealth v. Murray**, 597 A.2d 111, 114 (Pa. Super. 1991)(*en banc*)(citations omitted). In a bench trial, the trial judge is the appropriate fact-finder and it is up to the judge to determine the facts of the

case while passing on the credibility of witnesses and the weight of the evidence produced.

A true "weight of the evidence" claim contends the verdict is a product of speculation or conjecture.

> Such a claim requires a new trial only when the verdict is so contrary to the evidence as to shock one's sense of justice. **Commonwealth v. Ables**, 404 Pa.Super. 169, 590 A.2d 334. . . A decision regarding the weight of the evidence is within the sound discretion of the trial judge whose decision will not be reversed on appeal absent an abuse of that discretion. **Commonwealth v. Fox**, 422 Pa.Super. 224, 619 A.2d 327 (1993) . . . .

**Commonwealth v. Dougherty**, 679 A.2d 779, 785 (Pa. Super. 1996).

The trial judge found that the verdict clearly did not shock his sense of justice. Having found that the two officers provided credible evidence, the trial court determined the challenge to the weight of the evidence to be without merit.

Upon review, we conclude that the trial court did not err in denying Perry's Post-Sentence Motion, and we affirm upon the sound reasoning of President Judge Richard A. Lewis, as filed in the Court of Common Pleas of Dauphin County, Criminal Division, at No. CP-22-CR-0005498-2016. **See** Trial Court Opinion, 10/19/17.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2018

COMMONWEALTH OF PENNSYLVANIA  : IN THE COURT OF COMMON PLEAS
  : DAUPHIN COUNTY, PENNSYLVANIA
v.  :
  : NO.: CP-22-CR-0005498-2016
  :    (1441 MDA 2017)
MARCIA PERRY,  : CRIMINAL MATTER
    Defendant/Appellant

## MEMORANDUM OPINION

Presently before this Court is the Appeal filed in the above-captioned matter. This opinion is written pursuant to Pa.R.A.P. 1925(b).

## PROCEDURAL BACKGROUND

A bench trial was held on March 30, 2017 following which this Court found the Appellant guilty of Count 1 - DUI general impairment[1]. On May 16, 2017, Appellant was sentenced to pay costs, a fine of $300, and placed on a period of county probation for a term of six (6) months. Appellant was ordered to follow through on any recommendations that grew out of the CRN evaluation, perform 50 hours of community service, and comply with any and all conditions of a DUI sentence. Appellant's post-sentence motion was denied on August 29, 2017. A timely notice of appeal was filed on September 6, 2017. In compliance with this Court's 1925(b) order, Appellant filed a 1925(b) Statement. The basis for this appeal has been expressed by the Appellant as follows:

1. The Court erred in finding sufficient evidence for Count 1, DUI, General Impairment because Perry was not substantially impaired.

2. Alternatively, the Court erred in finding the conviction for Count 1, DUI, General Impairment, was not against the weight of the evidence because Perry was not substantially impaired beyond a reasonable doubt.[2]

---

[1] 75 Pa.C.S.A. §3802(a)(1). This Court took the matter under advisement and issued a ruling on April 17, 2017.
[2] *See* Appellant's 1925(b) Statement, filed September 27, 2017.

1

32-8

## FACTUAL BACKGROUND

The testimony at the bench trial showed that on August 25, 2016, Officer Patrick Ribec, of the Lower Swatara Township Police Department, was on duty performing a routine check of a vehicle license plate number. Transcript of Proceedings, Bench Trial, March 30, 2017, pages 4, 6 (hereinafter "N.T. at ___"). Officer Ribec initially decided to pull the vehicle over for a suspended insurance registration.[3] N.T. at 6. As Officer Ribec was pulling over the Appellant, he noticed that the Appellant "got over at the last second and cut over into the vehicle which was in front of [Officer Ribec]." *Id.* Officer Ribec approached the vehicle and detected an odor of an alcoholic beverage. He also noticed that the Appellant had bloodshot and glassy eyes. N.T. at 7. The appellant initially indicated that she did not consume any alcoholic beverages but when confronted with the odor of alcohol, admitted that she had one mixed drink. N.T. at 7-8. Appellant initially refused a field sobriety test but eventually agreed to submit to one. N.T. at 8. Officer Ribec testified that the Appellant was wearing high heels but that the Appellant indicated that she could walk fine in those shoes. N.T. at 9. Officer Ribec conducted the walk-and-turn test and noticed the Appellant swaying during the instructional phase. N.T. at 9. Appellant was unable to complete the task and missed heel-to-toe on every step of her first nine steps. N.T. at 10. Appellant did not conduct a proper turn by taking choppy steps and had to use her arms to balance herself. N.T. at 11. During the one-leg stand, Appellant counted incorrectly and dropped her foot twice during the test. N.T. at 12. Officer Ribec had to stop the test because he did not want the Appellant to fall. N.T. at 13. After the field sobriety tests, Appellant was placed under arrest and taken to the judicial

---

[3] Officer Ribec, while on routine patrol, decided to run the registration of the vehicle beside him. The license plate initially came back suspended due to insurance cancellation. It was later determined that Appellant had proper insurance.

center for a blood draw. N.T. at 13. Officer Ribec read Appellant the PennDOT DL-26 form and Appellant refused the requested blood draw. *Id.*

Sergeant Daniel Tingle, of the Lower Swatara Township Police, also responded to the incident on August 25, 2016.[4] N.T. at 40. Sergeant Tingle was present during the field sobriety tests and also indicated that Appellant was not able to complete the walk-and-turn test. N.T. at 43. Sergeant Tingle also testified that Appellant was unable to keep her foot up and was swaying during the one-leg stand test. N.T. at 44. Throughout the incident, Sergeant Tingle was able to detect the smell of odor coming from the Appellant. *Id.* Based off his training and experience, Sergeant Tingle testified that it was his opinion that Appellant was incapable of safe driving. N.T. at 45-46.

Frank Arendt testified on behalf of the Appellant. Mr. Arendt testified that he met with Appellant on the date of the incident and that she had one glass of wine and some food. N.T. at 47-50. John Bey, a retired Captain in the Pennsylvania State Police, also testified on behalf of the Appellant. N.T. at 55. Mr. Bey testified that he saw the Appellant on the date of the incident at a local bar and testified that she did not appear intoxicated. N.T. at 59-60. Finally, the Appellant testified that she had two drinks. N.T. at 68-70. Appellant also admitted to initially telling the officer that she had not been drinking. N.T. at 82. Additionally, the Appellant introduced a video of the incident (Commonwealth's Exhibit 2). N.T. at 84.

---

[4] Sergeant Tingle is a 19 year veteran and has made 75 DUI arrests and has assisted on hundreds of others.

## DISCUSSION

### 1. Sufficiency of the evidence:

Prior Pennsylvania courts have set forth the standard for challenging a sufficiency of the evidence claim as follows:

> A challenge to the sufficiency of the evidence is a question of law, subject to plenary review. When reviewing a sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as the verdict winner. Evidence will be deemed to support the verdict when it establishes each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.
>
> *Commonwealth v. Teems,* 74 A.3d 142, 144-45 (Pa. Super. 2013) (citing *Commonwealth v. Toland,* 995 A.2d 1242, 1242 (Pa. Super. 2010))(citations omitted).

As previously noted, we found the Appellant guilty of DUI under Section 3802(a)(1) which provides:

### (a) General impairment.

> (1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

Additionally, we note that "[Subsection 3802(a)(1) is an 'at the time of driving' offense, requiring that the Commonwealth prove the following elements: the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol." *Commonwealth*

4

*v. Segida*, 604 Pa. 103, 114-116, 985 A.2d 871, 879 (Pa. 2009). The Pennsylvania Supreme Court in *Segida* also set forth the following:

> Section 3802(a)(1), like its predecessor [statute], is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving.... The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech. Blood alcohol level may be added to this list, although it is not necessary and the two hour time limit for measuring blood alcohol level does not apply. Blood alcohol level is admissible in a subsection 3801(a)(1) case only insofar as it is relevant to and probative of the accused's ability to drive safely at the time he or she was driving. The weight to be assigned these various types of evidence presents a question for the fact-finder, who may rely on his or her experience, common sense, and/or expert testimony. Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol-not on a particular blood alcohol level.

*Id.* at 115–116, 985 A.2d at 879 (cited by *Teems* at 145).

Appellant contends that the Commonwealth "presented no evidence to show that Perry's ability to exercise judgment and ability to react prudently to changing conditions was impaired. Therefore, the Commonwealth did not present sufficient evidence for Count 1, DUI, General Impairment."[5]

---

[5] 1925(b) Statement, page 2, paragraph 4.1.3. Appellant also contends that she was pulled over for a technical violation of the vehicle code and that there was no evidence that her actual driving was impaired and that she displayed no difficulty with walking or standing despite wearing heels.

Here, the Commonwealth introduced evidence that the vehicle was initially stopped for a suspended insurance.[6] Officer Ribec, of the Lower Swatara Police Department, testified that he saw the Defendant "[get] over at the last second and cut over into the vehicle which was in front of me." Additionally, Officer Ribec testified that he smelled an odor of alcohol, saw bloodshot eyes and that the Defendant first said she did not consume alcohol but later admitted to having a mixed drink. Testimony revealed that Appellant had at least two drinks on the date of the incident. Defendant initially refused to submit to a field sobriety test and when she did, Defendant refused to take off her high heels telling the officer that "she walks fine in them." As such, Defendant failed the walk and turn (taking the wrong number of steps) and the one leg test (leaning/swaying and dropping leg). Accordingly, Officer Ribec testified, based off his training and experience, that it was his opinion that Appellant was under the influence of alcohol to a degree that rendered her incapable of safe driving. Additionally, Sergeant Tingle of the Lower Swatara Township Police Department, was also present during the traffic stop. He also testified that based off his training and experience, Defendant was under the influence of alcohol to a degree that rendered her incapable of safe driving. The Officers' credible observations along with testimony that Defendant cut-off a vehicle are sufficient to sustain a conviction of DUI, general impairment. Accordingly, this issue on appeal is without merit.

2. **Weight of the evidence:**

In reviewing a weight claim, we are mindful of the following:

> The decision of whether to grant a new trial on the basis of a challenge to the weight of the evidence is necessarily committed to the sound discretion of the trial court due to the court's observation of the witnesses and the evidence. A trial court should award a new trial on this ground only when the verdict is so contrary to the evidence as to shock one's sense of justice. A motion alleging the verdict was against the weight of the evidence should not be granted where it merely identifies contradictory evidence presented by the Commonwealth

---

[6] It was later determined that Defendant had proper insurance.

and the defendant. [The Superior Court's] review on appeal is limited to determining whether the trial court abused its discretion in denying the motion for a new trial on this ground.

*Commonwealth v. Chamberlain*, 30 A.3d 381, 396 (Pa. 2011) (citations omitted). "Not merely an error in judgment, an abuse of discretion occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence on record." *Commonwealth v. Handfield*, 34 A.3d 187, 208 (Pa. Super. 2011) (quoting *Commonwealth v. Cain*, 29 A.3d 3, 6 (Pa. Super. 2011)). In order to prove a violation of this section, the Commonwealth must show: (1) that the defendant was the operator of a motor vehicle and (2) that while operating the vehicle, the defendant was under the influence of alcohol to such a degree as to render him or her incapable of safe driving. *Commonwealth v. Palmer*, 751 A.2d 223, 228 (Pa. Super. 2000).

Appellant cites the following to support his argument that the verdict is against the weight of the evidence: (1) the officer did not see any impaired or careless driving behavior; (2) Appellant displayed no difficulty with walking or standing despite wearing five (5) inch heels); (3) Witnesses testified on Appellant's behalf that they saw her shortly before her arrest and she did not appear impaired in any way; and (4) Appellant testified that she was not substantially impaired nor incapable of safe driving at the time that she was pulled over and arrested. Appellant's 1925(b) Order at 3, paragraphs 4.2.1-4.2.4. We disagree.

Because this was a non-jury trial, the verdict clearly does not shock our sense of justice. We have had the opportunity to hear and see the evidence presented, including the credible testimony presented by the officers in this case. Here, the Commonwealth established that the defendant was the operator of the vehicle. Additionally, as mentioned above, Officer Ribec testified that the Defendant cut-off another vehicle while driving. Officer Ribec detected the odor

7

of alcohol and noticed that the Defendant had bloodshot eyes. Defendant was unable to perform the walk and turn test and the one leg stand test. The two expert opinions established that the Defendant was under the influence of alcohol to such a degree that it rendered her incapable of safe driving. Accordingly, this issue on appeal is without merit.

BY THE COURT:

Richard A. Lewis, President Judge

Date: October __/9__, 2017

Distribution: 10/24/17 12:45 am
Michael Sprow, Esquire – District Attorney's Office ɔ
Justin J. McShane, Esquire, 3601 Vartan Way, 2nd Fl., Harrisburg, PA 17110
Court Administration – Criminal ɔ
Clerk of Courts
Pennsylvania Superior Court, Prothonotary
FILE COPY – Chambers of the Honorable Richard A. Lewis

8