J-S51026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DOUGLAS MARTIN SHUFFLER | : | |
| | : | |
| Appellant | : | No. 638 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 2, 2019
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0002528-2018

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.E.: **FILED OCTOBER 07, 2019**

Appellant, Douglas Martin Shuffler, appeals from the judgment of sentence entered in the Cumberland County Court of Common Pleas, following his jury trial convictions for indecent exposure and open lewdness.[1] We affirm.

In its opinion, the trial court correctly set forth the relevant facts and most of the procedural history of this case. Therefore, we have no need to restate them. We add that on April 24, 2019, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After the court granted an extension, Appellant timely filed a Rule 1925(b) statement on May 17, 2019.

Appellant raises the following issue for our review:

DID THE TRIAL COURT ERR WHEN IT CONCLUDED THAT

---

[1] 18 Pa.C.S.A. §§ 3127(a), 5901, respectively.

THE VERDICT WAS NOT AGAINST THE WEIGHT OF THE EVIDENCE SO AS TO SHOCK [ONE'S] SENSE OF JUSTICE?

(Appellant's Brief at 6).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Jessica E. Brewbaker, we conclude Appellant's issue merits no relief. The trial court opinion discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed May 30, 2019, at 3-5) (finding: jury had opportunity to observe Victim and found Victim's testimony credible; video surveillance evidence corroborated Victim's testimony that she spoke briefly with Appellant during encounter and then quickly backed away from his car and locked herself in her vehicle; video further supported Victim's testimony that Appellant left scene immediately after encounter with Victim, Victim followed Appellant to obtain license plate number, and returned to motel to report incident; Victim's written statement to police after incident was consistent with her trial testimony; Appellant's written statement to police corroborated Victim's testimony; jury verdict did not shock court's sense of justice, and court properly denied Appellant's challenge to weight of evidence). The record supports the rationale of the trial court. Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2019

COMMONWEALTH         :    IN THE COURT OF COMMON PLEAS OF

                     :    CUMBERLAND COUNTY, PENNSYLVANIA

      VS                   :

                     :    CP-21-CR-2528-2018

                     :    CHARGES:    (1) INDECENT EXPOSURE

                     :                    (2) OPEN LEWDNESS

                     :

DOUGLAS MARTIN SHUFFLER   :

OTN: U 608843-4            :    AFFIANT: PTL. JUSTIN G. CARVER

## IN RE: OPINION PURSUANT TO PA. R.A.P. 1925(a)

Brewbaker, J., May 30, 2019 –

In this post-trial appeal, Appellant challenges his convictions on the charges of indecent

exposure and open lewdness, following a jury trial held on January 28, 2019 and January 30,

2019. This opinion is written pursuant to PA. R.A.P. 1925(a). Appellant's basis for appeal is as

follows:

> 1. The trial court erred when it denied the Defendant's motion for
> a new trial when the verdicts were against the weight of the
> evidence.

## STATEMENT OF FACTS

On July 23, 2018, at approximately 6:00 p.m., Gale Burkey (hereinafter, "Ms.") pulled

into the Roadway Inn in Carlisle, Cumberland County, after finishing a day of work at the Navy

Depot in Mechanicsburg. Ms. Burkey, not a resident of Cumberland County, was in the area for

work purposes and was staying at the Roadway Inn while away from home. Ms. Burkey

completed checking into the motel, drove around the building to the location of her room, and

attempted to enter the room before discovering that her room key did not work.

After failing to enter her motel room, Ms. Burkey turned back to the parking lot, and

noticed that a teal sedan had backed in next to her vehicle. Ms. Burkey approached the car after

hearing the driver, later identified as Appellant, call out to her, unsure of whether he was a maintenance employee of the Roadway Inn. After explaining to Appellant that her room key was not working and that she was returning to the motel office, Ms. Burkey walked over to her vehicle, before Appellant called her back to the driver's side window of his car. As Ms. Burkey approached Appellant's car for the second time, she testified that she heard Appellant make a lewd remark directed toward her, while he simultaneously exposed his genitals to her and began masturbating.

Ms. Burkey immediately retreated to her vehicle and locked the door. Upon realizing that Ms. Burkey was not receptive to his attempt at courtship, Appellant drove out of the parking lot and fled the scene. Ms. Burkey was able to follow Appellant and obtain his license plate number, before returning to the motel office and calling the police. Appellant was located a few hours later at a nearby restaurant, detained and brought back to the Roadway Inn, where he was positively identified by Ms. Burkey as the perpetrator.

The case proceeded to trial, which resulted in Appellant's convictions on January 30, 2019. Appellant was sentenced on April 2, 2019, to a term of incarceration of not less than 9 months nor more than 23 months at Count 1, Indecent Exposure, and a consecutive 12-month term of supervised probation at Count 2, Open Lewdness. Appellant filed a timely post-sentence motion on April 11, 2019, challenging the weight of the evidence and asking that this court reconsider and further reduce its mitigated-range sentence of Appellant. The post-sentence motion was denied by order of court dated April 15, 2019, prompting Appellant to file his timely Notice of Appeal on April 23, 2019.

2

Appellant raises one error on appeal, arguing that this Court improperly denied his post-sentence motion for a new trial. The challenge invokes the weight of the evidence. For the following reasons, this Court properly denied Appellant's post-sentence motion for a new trial, and should be affirmed on appeal.

To begin, as stated by the Superior Court in *Com. v. Galindes*, 2001 PA Super 315, 786 A.2d 1004, 1013 (Pa. Super. 2001), when reviewing the weight of the evidence:

> [A] true weight of the evidence challenge "concedes that sufficient evidence exists to sustain the verdict" but questions which evidence is to be believed.

*Com. v. Galindes*, *supra*, citing to *Armbruster v. Horowitz*,                744 A.2d 285, 286 (Pa. Super. 1999). The *Galindes* court further stated:

> An appellate court may review the trial court's decision to determine whether there was an abuse of discretion, but it may not substitute its judgment for that of the lower court. Indeed, an appellate court should not entertain challenges to the weight of the evidence since our examination is confined to the "cold record." *Com. v. Murray*, 408 Pa. Super. 435, 597 A.2d 111, 113 (Pa. Super. 1991). Our Court may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice. *Id.* "Finally, the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Com. v. Valette*, 531 Pa. 384, 613 A.2d 548, 549 (Pa. 1992). Our review, therefore, is confined to whether the trial court abused its discretion.

*Com. v. Galindes*, *supra* (emphasis original). "It is the province of the jury to assess the credibility of witnesses, and a trial judge will not grant a new trial merely because of a conflict in the testimony or because he would have reached a different conclusion on the same facts, if he had been the trier of fact." *Com v. VanDiviner*, 599 Pa. 617, 630, 962 A.2d 1170 (Pa. 2009)

3

(internal citations omitted). "Given the primary role of the jury in determining questions of credibility and evidentiary weight, this... extraordinary power vested in trial judges to upset a jury verdict on grounds of evidentiary weight is very narrowly circumscribed." *Com. v. Collins*, 70 A.3d 1245, 1251, 2013 PA Super 158, citing to *Criswell v. King*, 575 Pa. 34, 834 A.2d 505, 513 (2003).

Here, Appellant contends that this Court erred when it denied the Defendant's motion for a new trial, as the jury's guilty verdicts were purportedly against the weight of evidence. The factfinder had the opportunity to observe Ms. Burkey as she testified and was free to believe all, some or none of her testimony against Appellant. Clearly, the twelve factfinders unanimously found Ms. Burkey sufficiently credible to support finding Appellant guilty of all of the charges against him. Notably, Ms. Burkey's testimony that she spoke very briefly to Appellant, before quickly backing away from his car and locking herself in her vehicle was supported by the video surveillance recording from the camera covering the parking lot of the Roadway Inn.[1] The video recording further supported Ms. Burkey's testimony that Appellant left the motel directly after this encounter, and that Ms. Burkey followed him to secure his license plate number and immediately stopped at the motel office to report the crime. Ms. Burkey's written statement, provided to the police shortly after the incident with Appellant, largely corroborated her testimony on the witness stand.

Additionally, Appellant's written statement that he provided to the police shortly after the incident corroborated Ms. Burkey's testimony, in that Appellant stated that he encountered Ms.

---

[1] It is important to note that the parking lot camera, located on the other side of the lot from the location of Appellant and Ms. Burkey's interaction, only captured a view of one of Appellant's shoulders and his head as the camera's view was obstructed by Appellant's vehicle.

Burkey in the motel parking lot, squeezed his thighs and "offered her anything that she wanted."[2]

Ultimately, this Court did not find the jury's conclusions regarding Appellant's guilt and the

credibility of Ms. Burkey to be shocking to its sense of justice, and as such properly denied

Appellant's post-sentence motion for a new trial.

Jessica E. Brewbaker, J.

Courtney Hair LaRue, Esquire
Chief Deputy District Attorney

Christopher R. Sherwood, Esquire
Assistant Public Defender

---

[2] Notes of Testimony, *In Re: Trial*, held January 30, 2019 at 106.

5