J-S67026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KRISTOPHER LANCE REBO | : | |
| | : | |
| Appellant | : | No. 1102 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 17, 2019
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0001225-2017

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:               **FILED: DECEMBER 26, 2019**

Appellant, Kristopher Lance Rebo, appeals from the April 17, 2019 Judgment of Sentence entered in the Court of Common Pleas Franklin County following his conviction after a jury trial of Rape of a Child, Involuntary Deviate Sexual Intercourse, Statutory Sexual Assault, Aggravated Indecent Assault of a Child, Indecent Assault, Endangering the Welfare of Children, and Corruption of Minors.[1] He challenges the weight of evidence. After careful review, we affirm.

We glean the following factual and procedural history from the trial court Opinion and certified record. Beginning in 2012, when Appellant's daughter ("victim"), was seven years old, Appellant began having sexual intercourse

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3121(c), 3123(b), 3122.1(b), 3125(b), 3126(a)(7), 4304(a)(1), and 6301(a)(1)(ii), respectively.

with her. He also fondled the victim, had the victim touch his body and genitals, and had the victim perform oral sex on him.

Appellant typically initiated the sexual conduct by giving the victim drugs or alcohol. At times, the victim attempted to avoid the sexual acts by telling Appellant that she was not in the mood, but would "just do it because [she didn't] feel like [she] ha[d] a choice[,]" particularly because if Appellant became angry, he would "yell at her, hit her, or pound her head against the wall." Trial Ct. Op., dated 6/3/19, at 3.

Sometime during the summer of 2016, the victim disclosed the sexual abuse to her best friend. In January 2017, Franklin County Children and Youth Services ("CYS") opened an investigation into a report of sexual abuse perpetrated by Appellant against the victim, and removed the victim from her home. As part of the investigation, on February 1, 2017, Rebecca Voss of the Over the Rainbow Children's Advocacy Center, conducted a forensic interview of the victim. In the interview, the victim described the acts and frequency of Appellant's sexual abuse. Additionally, on the same date, Jen McNew, Sexual Assault Nurse Examiner, conducted a non-acute examination of the victim.

Appellant was arrested on February 1, 2017; he was charged with the above crimes.

A two-day trial commenced on March 7, 2019, during which the victim, CYS Case Worker Jen Brown, Ms. Voss, and Ms. McNew testified on behalf of the Commonwealth. Appellant and the victim's mother testified on behalf of

Appellant. At the conclusion of the trial, a jury convicted Appellant of the above crimes.

On April 7, 2019, the trial court sentenced Appellant to an aggregate term of approximately 47½ to 107 years of incarceration. Appellant filed a Post-Sentence Motion challenging, *inter alia*, the weight of evidence. The trial court denied the Motion.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[2]

Appellant raises the follow issues on appeal:

1. Did the trial court abuse its discretion by upholding the guilty verdict to Count 1-Rape of a Child(F1) that was against the weight of evidence presented such that [Appellant] is entitled to a new trial?

2. Did the trial court abuse its discretion by upholding the guilty verdict to Count 2-Involuntary Deviate Sexual Intercourse with a [C]hild (F1) that was against the weight of evidence presented such that [Appellant] is entitled to a new trial?

3. Did the trial court abuse its discretion by upholding the guilty verdict to Count 3-Aggravated Indecent Assault (F1) that was against the weight of evidence presented such that [Appellant] is entitled to a new trial?

4. Did the trial court abuse its discretion by upholding the guilty verdict to Count 4-Statutory Sexual Assault (F1) that was against the weight of evidence presented such that [Appellant] is entitled to a new trial?

5. Did the trial court abuse its discretion by upholding the guilty verdict to Count 5-Indecent Assault (F3) that was against the weight of evidence presented such that [Appellant] is entitled to a new trial?

_____

[2] In its 1925(a) Opinion, in addressing Appellant's weight challenge, the court adopted the reasoning of its June 3, 2019 Opinion denying Appellant's Post-Sentence Motion. Trial Ct. 1925(a) Op., dated 7/26/19, at 4.

6. Did the trial court abuse its discretion by upholding the guilty verdict to Count 6-Endangering the Welfare of Children ("EWOC") (F3) that was against the weight of evidence presented such that [Appellant] is entitled to a new trial?

7. Did the trial court abuse its discretion by upholding the guilty verdict to Count 7-Corruption of a Minor ("COM") (F3) that was against the weight of evidence presented such that [Appellant] is entitled to a new trial?

Appellant's Br. at 7-8.

Each of Appellant's issues challenge the weight of the evidence supporting his convictions. When presented with challenges to the weight of the evidence, we apply the following precepts.

"The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." ***Commonwealth v. Talbert***, 129 A.3d 536, 545 (Pa. Super. 2015) (quotation marks and citation omitted). Resolving contradictory testimony and questions of credibility are matters for the finder of fact. ***Commonwealth v. Hopkins***, 747 A.2d 910, 917 (Pa. Super. 2000). It is well-settled that we cannot substitute our judgment for that of the trier of fact. ***Talbert***, ***supra*** at 546.

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion; this court does not review the underlying question of whether the verdict is against the weight of the evidence. ***See id.*** at 545-46. "In order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the

verdict shocks the conscience of the court." ***Id.*** (internal quotation marks and citation omitted). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a palpable abuse of discretion[.]" ***Commonwealth v. Morales***, 91 A.3d 80, 91 (Pa. 2014) (citations and emphasis omitted).

A true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict, but questions the evidence that the jury chose to believe. ***Commonwealth v. Thompson***, 106 A.3d 742, 758 (Pa. Super. 2014). For that reason, the trial court need not view the evidence in the light most favorable to the verdict winner, and may instead use its discretion in concluding whether the verdict was against the weight of the evidence. ***Commonwealth v. Widmer***, 744 A.2d 745, 751 n.3 (Pa. 2000).

This court has concluded that, in a sexual abuse case, the fact that the jury chose to believe the sexual abuse victims over the perpetrator does not shock the Court's sense of justice. ***Commonwealth v. Jenkins***, 578 A.2d 960, 963 (Pa. Super. 1990)

Appellant asserts that the jury verdict on every count was contrary to the evidence presented at trial, and therefore the court abused its discretion in denying his Post-Sentence Motion for a New Trial. Appellant's Br. at 31-41. Appellant emphasizes the following: (1) the victim testified that Appellant gave her drugs or alcohol before initiating sexual acts, but did not disclose

this information in her forensic interview; (2) the victim testified that the abuse occurred "maybe every day," but during the forensic interview she had stated that the abuse occurred twice per week in the forensic interview; (3) the victim testified that there were frequent and noticeable stains on her underwear due to the abuse, but the victim's mother testified that she never noticed any stains while doing the victim's laundry; (4) the evidence established that the victim had significant knowledge about sexual activity through pornography and magazines; (5) the victim was angry at Appellant; and (6) Appellant's testimony contradicted the victim's testimony, as he denied any sexual misconduct. *Id.* at 33-35.

In denying Appellant's weight claim, the trial court found that it was not against the weight of evidence for the jury to disregard the differences between the victim's statements at the forensic interview and her testimony at trial. Trial Ct. Op., dated 6/3/19, at 15. The court noted that the inconsistencies cited by Appellant were minor in light of the extent and considerable consistencies of the victim's testimony. *Id.*

Appellant essentially asks us to reassess the credibility of the child-victim and reweigh the testimony and evidence presented at trial. We cannot and will not do so. Our review of the record indicates that the evidence supporting the jury verdict is not tenuous, vague, or uncertain, and the verdict was not so contrary as to shock the court's conscience. We discern no abuse of discretion in the trial court's denial of Appellant's weight challenge.

Judgement of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/26/2019